The decision of the State Board of Education is affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES LEWIS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 8, 1976—Decided November 22, 1976.

Before Judges FRITZ, CRAHAY and ARD.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Gerold P. Boswell,* Assistant Deputy Public Defender, on the letter brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. John DeCicco,* Deputy Attorney General, on the letter brief).

PER CURIAM. This appeal, from the sentence imposed after a negotiated plea to a complaint charging defendant with use of a controlled dangerous substance, is grounded only upon the alleged excessiveness of a sentence of one year's probation and $100 fine imposed on this defendant who has twice before been convicted of crimes and who has served a jail term. The appeal is not only without merit, it is manifestly so. *R.* 2:11-3(e)(2).

We draw on the wisdom of Judge Goldmann in *State v. Buffa,* 65 *N. J. Super.* 421 (App. Div. 1961), aff'd 31 *N. J.* 378 (1960), *cert.* den. 364 *U. S.* 916, 81 *S. Ct.* 279, 5 *L. Ed.* 2d 228 (1960):

The courts are always open, as they should be, to defendants who have been dealt with unfairly. We are and must remain sensitive to claims that have any show of merit. [at 424]

We observe with wholehearted agreement that which immediately follows:

But we should not be blind to claims that have no substance whatever, * * *. [*Ibid.*]

The express and implicit rebuke of *Buffa,* and that penned by the same author for somewhat different reasons in *State v. Torzillo,* 61 *N. J. Super.* 253, 261–262 (App. Div. 1960), might well be tailored to apply to the circumstances before us on this appeal.

Perhaps there is some compensating gratification to be found in the fact that probably only in this country, of all the countries of our world, could one who does not contest his guilt and upon whom was imposed a sentence derived from a negotiated plea appeal, and this without any expense to himself. We doubt that such gratification is totally shared by the public defender who was required to prosecute this hopeless appeal or by the public who had to pay for it.

Affirmed.